In the Matter of the Claim of THERESA S. MALISZEWSKI, Respondent, against NEW YORK TELEPHONE COMPANY, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — On the court's own motion, the decision in the above matter handed down March 11, 1959, is amended so as to provide as follows: Decision and award reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant Special Fund against the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Original decision of March 11, 1959 was as follows:

In the Matter of the Claim of THERESA S. MALISZEWSKI, Respondent, against NEW YORK TELEPHONE COMPANY, Respondent and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases from a decision and award of the Workmen's Compensation Board which allowed compensation to claimant at $12 per week reduced earnings, upon the basis of a 25% disability. Claimant was injured in 1947 as the result of a fall. Spasm of the scalenus anticus muscle was relieved by surgery and the case was closed in 1949 and reopened in 1954. Claimant testified to continuing pain and her attending physician found disability and related the condition to the original accident "because it has been a continuous story and complaints are identical ⁘ * * it has been a continuous picture." Another physician found partial disability and, although his testimony was somewhat equivocal, mentioned two possible diagnoses and said that either, if assumed to be correct, could be related to the accident. One of appellant's medical experts admitted the possibility of a very minor but related disability. There was medical evidence against causally connected disability but the board was within its province in crediting the lay and medical proof of disability and the expert testimony as to causation. We do not consider that such proof was rendered speculative or unsubstantial because claimant's treating physician was unable to narrow his diagnosis of the disabling condition to one of the three possibilities as to which he testified, inasmuch as he said that either of the possible diagnoses — postoperative complications, involvement of neck muscles other than the scalenus anticus or a disc lesion —could be a result of the original injury. Appellant contends that the board erred in failing to give effect to that portion of subdivision 6 of section 15 of the Workmen's Compensation Law providing: "In no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred". The board asserts, however, that the award was proper as made at the then applicable minimum rate of $12 provided by subdivision 6 with respect to partial disability of an employee earning more than $12. In our view, however, the inhibitory provision first above quoted controls and the award of $12 was therefore improper since that sum combined with the 75% wage-earning capacity found by the board aggregates $35.25 and thus exceeds claimant's wages of $31 at the time of the accident. The provision in its present form, as above quoted, was added by chapter 86 of the Laws of 1937 so as to appear as the final clause of subdivision 6. By virtue of that position (altered by later amendments not relevant here) and of the emphatic words "In no event", the effect was to govern all of the applicable provisions in the sentence of which it was a part. The history of the statute strongly fortifies this conclusion. Substantially the same provision was enacted as part of the then subdivision 4 by chapter 622 of the Laws of 1916, so that the subdivision thereupon read: "4. * * * In case of temporary partial disability * * * an injured employee shall receive sixty six and two-thirds per centum of the difference between his average weekly wages and his wage earning capacity thereafter * * * during the continuance of such partial disability, *but not to exceed when*

combined with his decreased earnings the amount of wages he was receiving prior to the injury, and not to exceed in total the sum of three thousand five hundred dollars ". (Italics supplied.) The Industrial Commissioner's memorandum to the Governor, to be found in the bill jacket to chapter 86 of the Laws of 1937 above referred to, noted that upon recodification of the Workmen's Compensation Law this " very substantive phrase " was omitted, " apparently due to an oversight " and stated that the proposed amendment was " to restore to the law a provision similar to the one omitted." While there was in the 1937 amendment an obvious omission of such punctuation as would have made construction clear beyond question, the deficiency by no means imports a different connotation, as the clause of which the added language is grammatically a part refers to " permanent total disability ", and the proviso being clearly inapplicable thereto can only refer to the preceding clauses relating to partial disability. The provision in question, insofar as it became applicable to 1947 accidents, subsequently appeared in an added, unlettered paragraph of the subdivision (L. 1948, ch. 232), then in paragraph (b) (L. 1954, ch. 19) and is now in paragraph (c) (L. 1958, ch. 974). The same language, applicable to accidents in later years, now appears as a separate sentence at the end of paragraph (a) and again at the end of paragraph (b). To the extent that our holding in *Matter of Riesel* v. *Appleby* (277 App. Div. 1080, motion for leave to appeal denied 302 N. Y. 951) may conflict with our conclusion here, we necessarily depart from it. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.